## TRIMBLE v. ERIE ELECTRIC MOTOR CO.

(Circuit Court, W. D. Pennsylvania. August 18, 1898.)

1. PROCESS—SUFFICIENCY OF SERVICE—RETURN.
    Under a rule of court requiring a summons to be served on a defendant by "giving him notice of its contents," a return of service of a writ by "making known the contents" to the defendant is sufficient.

2. SAME—IMPEACHING RETURN.
    Following the rule of the state courts, a federal court in Pennsylvania will not receive extrinsic evidence to impeach the return of a marshal which is good on its face, in support of a motion to set it aside.

Brainerd & Higgins, for plaintiff.
S. A. Davenport, for defendant.

BUFFINGTON, District Judge. This is a motion to set aside the service of summons. Cir. Ct. Rule 86 provides as follows:

"It is ordered that the act of assembly of the commonwealth of Pennsylvania, relative to the service of summons, &c., and the service required by this court, shall be as follows: A writ of summons shall be executed by reading the same in the hearing of the defendant, or by giving him notice of its contents and by giving him a true and attested copy thereof; or, if the defendant cannot be conveniently found, by leaving such a copy at his dwelling house with an adult member of his family; or, if the defendant resides in the family of another, with one of the adult members of the family in which he resides."

The marshal made return of the writ, which is under seal and duly entitled in the cause, as follows:

"Served the within writ upon John C. Brady, vice president Erie Electric Motor Company, by giving him a true and attested copy of the same, and making known the contents to him June 14th, 1898. So answers," etc.

Motion is now made to set aside service of the writ because the copy served was neither a true nor attested copy of the writ returned. In our opinion, the service returned by the marshal was, in substance, a service made on Mr. Brady, "by giving him notice of the contents, and by giving him a true and attested copy thereof." "Making known the contents to him" was certainly "giving him notice of its contents."

The return of the marshal, then, constituting upon its face a lawful one, the question before us is, can the defendant be permitted to contradict it, and aver that it is a false return? An examination of the cases shows that in Pennsylvania this cannot be done. If the return on its face is good, the court will not receive extraneous evidence to contradict it. If the facts stated in the return are false, the plaintiff's remedy is by action against the officer for false return. Hill v. Robertson, 2 Pittsb. R. 106; Kennard v. Railroad Co., 1 Phila. 41; Patton v. Insurance Co., Id. 396; Kleckner v. Lehigh Co., 6 Whart. 66; Winrow v. Raymond, 4 Pa. St. 501, 1 Troub. & H. Prac. 149. The general rule as to the return of a Pennsylvania sheriff would apply to the marshal of this district. Wilson v. Hurst, Pet. C. C. 441, Fed. Cas. No. 17,809; U. S. v. Lotridge, 1 McLean, 246, Fed. Cas. No. 15,628. Of course, it will be understood that these decisions do not interfere, in a proper case, with the exercise of the inherent power of any court to open a judgment taken by default without notice, and allow a party to defend on the merits; but the present is not such case. The motion to set aside the marshal's return is therefore discharged.