**WOODS, Housing Expediter, v. ZELLERS.**
**Civil Action No. 9314.**

United States District Court
E. D. Pennsylvania.

April 8, 1949.

Cyril F. Pessolano, Chief Rent Litigation Section, and Mary E. Groff, Litigation Atty., both of Upper Darby, Pa., for plaintiff.

Ellis Brodstein, of Reading, Pa., for defendant.

FOLLMER, District Judge.

The plaintiff filed his complaint against the defendant in this case on January 21, 1949. The complaint seeks to compel the defendant landlord to make restitution to a tenant of rent overcharges collected from the tenant and to enjoin the defendant from future rent violations. On February 11, 1949, the Marshal filed a return showing personal service of the Summons and Complaint on January 27, 1949.[1] On February 23, 1949, defendant filed a motion "to quash service of the Complaint" for the alleged reason that the summons and complaint were not served upon the defendant nor upon any agent representing defendant, and that the said summons and complaint were found lying on the floor of the hallway of the property carrying the same address as that indicated in the Marshal's return.

[1] "Return on Service of Writ
"I hereby certify and return, that on the 26th day of January, A.D. 1949, I received the within summons and served the same at Reading, Pa., in my district, on January 27, 1949, upon Mable W. Zellers, personally, at 900 Center St., Reading, Pa., by handing her a true and attested copy thereof, together with a copy of the complaint,—and making contents of the same known to her.
"So answers—Joseph C. Reing,
"United States Marshal.
"By /s/ Chas. Schock
"Deputy United States Marshal."

It is clear from the pleadings that the defendant is a resident of this District, amenable to the processes of this Court and in fact did receive the summons.

Assuming that the motion to quash was timely, the return of the marshal constitutes upon its face a lawful return and the defendant cannot be permitted to contradict it and charge in effect that it is a false return. If the facts stated in the return are false and the defendant is injured thereby, his remedy is by action against the officer for false return.[2] This is the Pennsylvania practice.[3]

It is not clear from the record as to when defendant received the summons; however, in view of our conclusion that the return of the Marshal herein cannot be attacked, it becomes unnecessary to pass on the question as to whether the motion was filed within twenty days after service of the summons as required by the Federal Rules of Civil Procedure, Rule 12, 28 U.S. C.A.

As above indicated, the defendant has here moved to quash service of the complaint. I feel the proper procedure would have been a motion to dismiss for lack of service under Rule 12 and I have treated it as such.

Motion denied.

---

[2] Trimble v. Erie Electric Motor Co., C. C.W.D.Pa., 89 F. 51.

[3] Morris v. Bender, 317 Pa. 533, 177 A. 776.