**Theresa HICKLIN, Appellant,**

v.

**Robert EDWARDS, Appellee.**

**No. 15315.**

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1955.

Donald L. Randolph, Kansas City, Mo., for appellant.

David H. Clark and Lane D. Bauer, Kansas City, Mo. (Sebree, Shook, Hardy & Ottman, Kansas City, Mo., on the brief), for appellee.

Before WOODROUGH, JOHNSEN and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken by Theresa Hicklin to reverse a judgment which denied a motion filed by her to set aside a default judgment for some $1,300 and costs rendered against her in the action in which her motion was filed. She stated in the motion that she was never served with summons in the action either personally or by substituted service according to the statute and that the judgment and a garnishment proceeding had thereunder were void and she had a meritorious defense.

After a hearing had on the motion, the trial court rendered its decision and order (which does not appear to have been reported) as follows:

"Plaintiff instituted this suit to recover damages for rent in excess of the maximum ceiling rent on premises owned by the defendant and occupied by the plaintiff. The Marshal's return recites that personal service was had upon the defendant, being in words and figures as follows:

"'I hereby certify and return, that on the 25th day of August, 1953, I received this summons and served it together with the complaint herein as follows: on the 27th day of August by delivering a copy of the within summons with a copy of complaint attached thereto, to the within named Theresa Hicklin, at 213 Independence Avenue, Kansas City, Western District of Missouri.'

"Thereafter a default judgment for treble damages was rendered against the defendant in an amount in excess of $1,300. More than one year after the default judgment was entered, an execution was requested by the plaintiff and issued by the clerk of the court, and the bank account of defendant attached in the hands of a bank, as garnishee.

"Thereafter the defendant filed motion to set aside the default on the ground that she had had no notice of the filing of such suit or the entry of the judgment; that the summons was not served upon the defendant nor any person for her, within the meaning of the statute.

"Defendant supported her motion by an affidavit signed by her sister [in-law][1] stating that she was at

[1] The affidavit of the sister-in-law reads as follows:

"Helen G. Hicklin, affiant herein, being first duly sworn on her oath states that she is the sister of Claude Eugene Hicklin; that the said Claude Eugene Hicklin is the husband of Theresa Hicklin, the defendant in the above captioned case. Affiant states that about 8:00 in the morning of August 27, 1953, she was with her said brother, Claude Eugene Hicklin, in the home of defendant located at 213 Independence Avenue, Kansas City, Missouri. Affiant states that on the said 27th day of August, 1953, affiant was residing at 1603 Palmer, Kansas City, Missouri, and that she has never lived at said 213 Independence Avenue, Kansas City, Missouri. That about said 8:00 in the morning of August 27, 1953, her said brother, [Claude] Eugene Hicklin, called to affiant and asked her to see the person who was at the front door; that affiant, being in the living quarters at said address, opened the door leading to a store room in the front of the premises, walked through the store room to the front door where an officer was standing, who said 'Miss Hicklin?'; that thereupon affiant answered 'yes' and received from the officer some papers; that the officer said no more but went away after handing the said papers to affiant; that the affiant looked at the papers and deter-

the address which was described in the return as the home of the defendant; that she was not a resident of such home; that the marshal served the complaint and summons upon her, and that she delivered it to the husband of the defendant, from whom the defendant was at that time estranged, and that she never received such summons or any knowledge thereof from her husband.

"It is the general rule of Federal law that the question here involved is to be determined in accordance with Federal law, but it appears that there is no Federal law on the subject in this circuit that we have been able to find. There is a division of opinion among the Federal Courts as to whether or not such return is binding upon the defendant. In Woods v. Zellers, 9 F.R.D. 6, a District Court in Pennsylvania followed the State law and held that such a return was binding; other decisions have held that it is only prima facie and may be collaterally attacked. It affects the very validity of all judgments.

"It is admittedly the law in Missouri that the return of the serving officer may not be collaterally attacked, and that those who are damaged by it, must resort to an action against the serving officer for false return.[2] In the absence of any Federal authority, the law of the state is very persuasive and in the interest of uniformity should be followed. It is therefore my conclusion that the return of the serving officer is conclusive as to facts stated in the return and may not be collaterally attacked.

"The 'Motion to Set Aside Judgment and Proceedings' is therefore hereby overruled."

It is contended for Mrs. Hicklin on this appeal that the default judgment rendered against her without summons served upon her and without any notice or knowledge on her part of the pendency of the action was void and that the court erred in holding that the return of the serving officer was conclusive against her; that the court should have considered the showing presented in support of her motion and granted a hearing on the issue tendered by her motion as supported.

▌ Although we, as well as the trial court, have encountered a paucity of controlling Federal decisions directly upon the precise point of procedure that is here for decision,[3] we are satisfied that the procedure in the Federal Courts for setting aside allegedly void judgments of those courts is not controlled, in the ab-

mined that they were directed to Theresa Hicklin, defendant herein; that affiant thereupon turned the said papers over to her said brother, Claude Eugene Hicklin. Affiant further states that on said 27th day of August, 1953, her said brother had been drinking and was intoxicated. Affiant further says that her brother and his wife, Theresa Hicklin, have been estranged for some time; that prior to the said 27th day of August, 1953, she was suing him for divorce. Affiant further states that after handing the said papers to her said brother she did not know and does not know what subsequently happened to the said papers. Affiant further says that she left Kansas City, Missouri, to live elsewhere and was out of town from July, 1954 until on or about December 1, 1954, when she moved back to Kansas City, Missouri."

2. Smoot v. Judd, 184 Mo. 508, 83 S.W. 481; Stewart v. Stringer, 41 Mo. 400, 404, 97 Am.Dec. 278; Johnson v. Wilson Estate, Inc., Mo.App., 256 S.W.2d 297; Shannon v. Del-Home Light Co., Mo.App., 43 S.W. 2d 872; Deichmann v. Hogan, Mo.App., 26 S.W.2d 874; Barnett v. Barnett, Mo. App., 245 S.W. 579.

3. We do not find Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272; Williams v. Capital Transit Co., D.C.Cir., 215 F.2d 487; Woods v. Zellers, D.C., 9 F.R.D. 6; Jones v. Jones, 7 Cir., 217 F.2d 239; Higham v. Iowa State Travelers' Ass'n, C.C., 183 F. 845; Trimble v. Erie Electric Motor Co., C.C., 89 F. 51, or United States v. Gayle, D.C., 45 F. 107 (cases relied on) to be conclusive.

sence of express provision, by the procedure that may prevail in similar matters in the courts of the state where the Federal Court is functioning. The present uniform system of civil procedure in Federal Courts is governed by the Rules of Civil Procedure promulgated by the Supreme Court and adopted by the Congress. As stated in Williams v. Powers, 6 Cir., 135 F.2d 153, 156, "The power to prescribe the practice, pleadings, forms and modes of proceedings in the Courts of the United States is lodged in the Congress and this power cannot be abrogated or diminished by the states without the consent of the lawmaking power of the central government."

We hold that Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is applicable and controlling here. The Rule provides that "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: * * * (4) the judgment is void; * * * the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." The mandate the rule imposes on the court to relieve a party from a judgment "for the reason the judgment is void" is broad and unqualified and contains no restrictions in respect to any of the reasons that may be shown to render the judgment void. There is no room to graft an exception to the effect that if the reason for the invalidity of the judgment is a lack of service, the court is not bound by the mandate of the rule. The rule covers a judgment that is void for any reason including a lack of service.

■ The motion filed by Mrs. Hicklin supported by the affidavits to the effect that she had had no summons served upon her and had no knowledge of the pendency of the action constituted a sufficient presentation to the court of her claim that the default judgment against her was void. As was stated by the Supreme Court nearly one hundred years ago in Nations v. Johnson, 24 How. 195, loc. cit. 203, 65 U.S. 195, loc. cit. 203, 16

L.Ed. 628, "No man shall be condemned in his person or property without notice and an opportunity to make his defense" * * * "Notice to the defendant is essential to the jurisdiction of all courts * * *." And "when a judgment is brought collaterally before the court, it may be shown to be void on its face for want of notice to the person against whom it is entered." Cited in Earle v. McVeigh, 91 U.S. 503, 23 L.Ed. 398. In Webster v. Reid, 11 How. 437, loc. cit. 459, 52 U.S. 437, loc. cit. 459, 13 L.Ed. 761, the Supreme Court said, "No person is required to answer in a suit on whom process has not been served or whose property has not been attached. In this case there was no personal notice * * *. The judgments therefore are nullities * * *."

In Walden v. Craig's Heirs, 14 Pet. 147, loc. cit. 154, 39 U.S. 147, loc. cit. 154, 10 L.Ed. 393, the Supreme Court said: "Service of process or notice is necessary to enable a court to exercise jurisdiction in a case; and if jurisdiction is taken in a case in which there has been no process or notice, the proceeding is a nullity. It is not only voidable but it is absolutely void."

We recognize that under Rule 4(d) (7), F.R.C.P., 28 U.S.C.A., service of summons upon an individual like Mrs. Hicklin may be made "in the manner prescribed by the law of the state in which the service is made", but the question here involved is as to the fact of personal service upon defendant and not as to the manner of service and Rule 4(d) (7) is not relevant.

■ It is argued that the judgment appealed from should be sustained because Mrs. Hicklin failed to show that she had a meritorious defense, but aside from the fact that she stated in her motion that she had such a defense, it is settled that "no showing of merits is necessary in support of a motion to vacate a void judgment." Wise v. Herzog, 72 App.D.C. 335, 114 F.2d 486, 492; Schwarz v. Thomas, D.C.Cir., 222 F.2d 305.

**414**

We·are of opinion that if Mrs. Hicklin can sustain the claim she has presented by strong and convincing evidence that the default judgment against her is void on the ground asserted, section 60(b) requires the court to accord her relief from it. It is contended that such ruling opens the way to promiscuous and fraudulent invalidations of judgments but we do not think so. The rule is settled that the officer's return upon the summons imports verity which can be overcome only by strong and convincing evidence. Cleaves v. Funk, 10 Cir., 76 F.2d 828. The rule affords appropriate protection to the validity of judgments.

The judgment is reversed and the case remanded with direction to the District Court to grant a trial on the issue presented by Mrs. Hicklin of the validity of the judgment.