**Israel G. HALPERT, as Trustee in Bankruptcy of Anchor Slide Fastener Corp., Bankrupt, Plaintiff,**

**v.**

**Edgar O. APPLEBY and John Davison, Defendants.**

United States District Court
S. D. New York.
Dec. 3, 1958.

---

Chauncey H. Levy and Robert J. Blum, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants.

DIMOCK, District Judge.

Defendant Appleby moves to dismiss the complaint as against him on the ground that he was not personally served with the summons. He swears that it was left by the marshal with the receptionist in the office where he is employed and by her delivered to him. Plaintiff relies solely on the return of personal service by the deputy marshal. I am thus faced with the necessity of judging the relative weight of the official return and the defendant's denial.

The question is an important and difficult one on which the parties have submitted no authorities.

It would be highly inconvenient and, indeed, demeaning to the dignity of the court and its officers if a defendant, by a mere denial, could force the plaintiff to take the deposition of the marshal in support of his official return. At common law the return was conclusive and a defendant's sole remedy for a false return was an action against the officer for a false return. Goubot v. De Crouy, 1 Cromp. & M. 772; Tillman v. Davis, 28 Ga. 494, 497. This was the rule in the federal courts of Pennsylvania under the Conformity Act, Trimble v. Erie Electric Motor Co., C.C.W.D.Pa., 89 F. 51, and has been followed there in one case since the adoption of the Federal Rules of Civil Procedure, Woods v. Zellers, D.C. E.D.Pa., 9 F.R.D. 6. The Court of Appeals for the Third Circuit has, however, said that, in spite of the old strict rule, the courts have reached a stage in which the facts on which the service rests may be found by the court, Real Silk Hosiery Mills v. Philadelphia Knitting Mills Co., 3 Cir., 46 F.2d 25.

It has been urged that to permit impeachment of the marshal's return opens the way to promiscuous and fraudulent invalidation of judgments but the Court of Appeals for the Eighth Circuit has replied that the rule affords appropriate protection because "the officer's return upon the summons imports verity which can be overcome only by strong and convincing evidence". Hicklin v. Edwards, 8 Cir., 226 F.2d 410, 414. See also Cleaves v. Funk, 10 Cir., 76 F.2d 828, 829. I therefore adopt the rule that the marshal's return may be impeached but only by strong and convincing evidence. The unseemly inquiry into the truth of the official certificate need not be pursued unless an almost irrefragable case is presented against it.

Here an important and comparatively uninterested witness would have been the receptionist who is said to have received the summons from the marshal. Nevertheless the defendant undertakes to controvert the marshal's return by his own affidavit uncorroborated by this participant in the transaction who was employed in the same office with him. The evidence is insufficient to impeach the return and the motion is denied.

So ordered.