64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In Re STEEL RECLAMATION RESOURCES, INC., Debtor, L. Win
Holbrook, Trustee of the Estate of Steel
Reclamation Resources, Inc., Appellee,
v.
Ray CARLISLE, Appellant.
 No. 94-6396.
D.C. Nos. CIV-94-326-W.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 SETH, District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Ray Carlisle appeals from the district court's order affirming the bankruptcy court's decision to deny Mr. Carlisle's motion for relief from judgment. Mr. Carlisle claims he was not properly served with the summons and complaint in the underlying adversary proceeding, and therefore the default judgment resulting from his failure to file an answer must be set aside pursuant to Fed.R.Civ.P. 55(c) and 60(b). Service of process was effected by first class mail, pursuant to Bankr.R. 7004(b)(1). In the alternative, Mr. Carlisle asserts a letter to the bankruptcy clerk from his attorney should have been construed as an answer. Under either theory, Mr. Carlisle maintains the bankruptcy court erred in permitting the Oklahoma default judgment to be registered in Alabama, pursuant to 28 U.S.C.1963.
 
 
 4
 The bankruptcy trustee has filed a motion to dismiss Mr. Carlisle's appeal claiming the notice of appeal was filed outside the thirty-day deadline mandated by Fed. R.App. P. 4(a)(1). The notice of appeal was filed within thirty days of the date the judgment was entered on the public docket, and was therefore timely. Herrera v. First Northern Sav. & Loan Ass'n, 805 F.2d 896, 898-99 (10th Cir.1986). Accordingly, we deny the motion to dismiss.
 
 
 5
 Our jurisdiction to review the district court's order affirming the bankruptcy court's order arises from 28 U.S.C. 158(d). Findings of fact will be upheld unless clearly erroneous, while conclusions of law receive plenary review. Turney v. FDIC, 18 F.3d 865, 868 (10th Cir.1994). We review for abuse of discretion a decision to deny a motion for relief from judgment under Rules 55(c) and 60(b). United States v. Timbers Preserve, 999 F.2d 452, 454 (10th Cir.1993).
 
 
 6
 Mr. Carlisle contends the default judgment against him is void for lack of personal jurisdiction because service of the summons and complaint by mail pursuant to Bankr.R. 7004(b)(1) was inadequate to confer jurisdiction over him. Rule 7004(b) provides that "service may be made within the United States by first class mail postage prepaid as follows: (1) Upon an individual ... by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." The trustee signed and filed a statement that he mailed the summons and complaint to Mr. Carlisle by first class mail postage prepaid. Mr. Carlisle does not allege he did not receive the summons and complaint, and his attorney obviously discussed the complaint with the trustee prior to entry of the default judgment, as addressed below.
 
 
 7
 In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), the Supreme Court held that the Due Process Clause requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Id. at 313. "The kind of notice required is one 'reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action.' " Bank of Marin v. England, 385 U.S. 99, 102 (1966)(quoting Mullane, 339 U.S. at 314). "There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." Id. at 103.
 
 
 8
 We conclude, under the circumstances present here, that service by first class mail postage prepaid conferred bankruptcy court jurisdiction over Mr. Carlisle. See Creditors Comm. of Park Nursing Ctr., Inc. v. Samuels (In re Park Nursing Ctr., Inc.), 766 F.2d 261, 263 (6th Cir.1985)(service by first class mail was effective under earlier version of Rule 7004(b) considering safeguards provided by Rules 55(c) & 60(b)); Belford v. Martin-Trigona (In re Martin-Trigona), 763 F.2d 503, 505 (2d Cir.1985)(service by first class mail was effective under Rule 7004(b), noting rule was unchanged after Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)); Rule 7004 advisory committee's note ("The former practice [of service by first class mail postage prepaid], in effect since 1976, has proven satisfactory."). Further, 11 U.S.C. 102(1)(A) provides for notice and hearing "appropriate in the particular circumstances." See Turney, 18 F.3d at 868-69 (recognizing that 102(1)(A) implements central policies of bankruptcy code in part by insuring that notice is received by those who should receive notice (citing 2 Collier on Bankruptcy p 102.02 (15th ed.1993))).
 
 
 9
 Mr. Carlisle's reliance on Hicklin v. Edwards, 226 F.2d 410 (8th Cir.1955), is misplaced. There, the appellant produced evidence that she had never received the summons and complaint. Id. at 413. In this case, neither Mr. Carlisle nor his former attorney testified that service of process was not, in fact, effected by mail, even though they were invited to do so by the bankruptcy judge. See R. Vol. I, doc. 4 at 21.
 
 
 10
 Mr. Carlisle also contends the trustee did not comply with Rule 7004(b)(1) because the summons and complaint were not mailed to his residence address or the place where he regularly conducts a business or profession. He admits, however, that the address to which the documents were mailed was the address of the corporate office for a corporation of which Mr. Carlisle was an officer and employee. Apparently, Mr. Carlisle complains he did not regularly conduct business at that address because he traveled extensively on business.
 
 
 11
 Even if we were inclined to adopt such a restrictive application of Rule 7004(b)(1), Mr. Carlisle did not raise the issue of whether the address was in fact his business address until after the bankruptcy court denied his motion to set aside the default judgment. Therefore, no record was developed to resolve this issue of fact, and we will not address it here. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992)(issues not passed upon below will not be considered on appeal).
 
 
 12
 Mr. Carlisle next claims a letter to the bankruptcy clerk from his attorney should have been construed as an answer as required by Bankr.R. 7012(b) and Fed.R.Civ.P. 12(b). The attorney's letter purported to inform the bankruptcy court that the trustee had agreed to dismiss the claim against Mr. Carlisle, so an answer would not be necessary. We affirm the bankruptcy court's determination that a letter to the bankruptcy clerk indicating that no answer will be filed does not constitute an answer under the applicable rules.
 
 
 13
 Mr. Carlisle additionally asserts that the bankruptcy court abused its discretion in allowing the trustee to register the default judgment in Alabama. 28 U.S.C.1963 authorizes the transfer from one judicial district to another a judgment for the recovery of money or property where good cause is shown. After review of the record, which reflects that Mr. Carlisle had not posted a supersedeas bond and had no property in the district that the judgment was rendered, we determine that no abuse of discretion occurred. Further, with regard to Mr. Carlisle's claim that registration of the judgment should have been denied based upon the issue of service discussed above, the bankruptcy court properly stated that this issue was to be determined on appeal and did not constitute a basis to prohibit the registration of the judgment.
 
 
 14
 Mr. Carlisle's remaining arguments are premised on the claims rejected above. Because of our determinations with regard to those claims, we conclude that neither the bankruptcy court nor the district court abused its discretion in denying Mr. Carlisle's motion to vacate the default judgment.
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470