MOBERN ELECTRIC CORPORATION,
Plaintiff,

v.

William L. WALSH, Jr., Defendant.

No. Civ.A. 98–1951 RCL.

United States District Court,
District of Columbia.

Nov. 1, 2000.

Robert E. Sharkey, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, Baltimore, MD, for plaintiff.

William L. Walsh, Jr., Oklahoma City, OK, pro se.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on defendant's Motion for Relief from Judgment. Upon consideration of that motion, the opposition thereto, the entire record herein, and the relevant law, the Court denies defendant's motion.

## I. *BACKGROUND*

This is a ruling on a motion to reopen a default judgment entered against defendant. On August 11, 1998, plaintiff Mobern Electric Corporation filed a complaint against defendant William Walsh, Jr. alleging trademark infringement and dilution, unfair competition and breach of contract arising out of Walsh's registration and use of the internet domain name "Mobern.com".

On August 18, 1998, Mobern alleges that Walsh was personally served with the summons and complaint. According to the process server's affidavit, process was served by Frank Bevacqua, who is over eighteen years old and not a party to the case. Affidavit of Frank Bevacqua at ¶ 1 ("Aff. ¶"). The process server went to the last known address of the defendant, a boat moored at a Washington marina, and established with employees of the marina that the defendant was currently residing there. Aff. ¶ 4–5. When an individual (described in the affidavit) began to board the boat, the process server approached the individual and said "Mr. Walsh,

I have court documents for you," and attempted to give him the documents, which fell to the individual's feet on the pier. Aff. ¶ 7. The process server then returned to the marina and described the individual entering the boat to marina employees, who identified him as Mr. Walsh. Aff. ¶ 10. The process server then returned to the boat pier and noted that the documents were no longer lying on the pier. Aff. ¶ 10.

On October 23, 1998, Mobern requested a Notice of Default due to Walsh's failure to file an answer to the complaint, which notice was entered by the Clerk's Office and sent to Walsh. On December 7, 1998, Mobern requested a Judgment by Default, which judgment was entered by the Court on January 8, 1999. On June 14, 1999, Walsh sent a letter to the court alleging that he was never served with the summons and complaint in this matter. On March 14, 2000, the Court ordered that this letter be filed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Mobern filed an opposition to the motion, which included a signed affidavit from the process server who allegedly served Walsh. As is explained in more detail below, the Court denies defendant's motion for relief from judgment.

## II. *ANALYSIS*

Rule 60(b) of the Federal Rules of Civil Procedure sets forth in different subsections various grounds under which "the court may relieve a party or his legal representative from a final judgment, order or proceeding." While Walsh's motion did not specify under which ground he sought relief, "courts have treated motions of this sort as invoking such subdivisions as may be pertinent to the dispute." *Combs v. Garin Trucking*, 825 F.2d 437, 441 FN 31 (D.C.Cir.1987). A liberal reading of Walsh's letter reveals that there are three subsections of Rule 60(b) under which he might be entitled to relief from judgment: (a) voidness of the judgment (Rule 60(b)(4)), (b) fraud (Rule 60(b)(3)) and (c) mistake (Rule 60(b)(1).

### A. *Voidness*

If a judgment is void, the party attacking it "need show no meritorious claim

or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity." *Combs, supra* at 441–42. It is "uniformly held" that a judgment is void for invalid or insufficient service of process because, in such a case, the court lacks jurisdiction over the parties and therefore has no power to enter a judgment. *Id.* If Walsh's allegation that he was never properly served with process is meritorious, therefore, this court must reverse the default judgment as void.

There are two ways that service of process might be insufficient and that the judgment would therefore be void. First, if Walsh was never served with process, as he alleged in the letter received by the court which has been interpreted as a motion for relief from judgment, the judgment would be void. However, Walsh has provided no evidence to buttress his allegation that he was never served with process. He has asserted that he was out of the state at the time that the process server allegedly served him, but has not provided any evidence to support this assertion. In contrast, Mobern has filed the affidavit of the process server who allegedly served Walsh, signed under penalty of perjury, describing in detail when and how he affected service. Courts are divided on the issue of how much evidence is necessary to rebut the affidavit of a process server. *Compare FROF, Inc. v. Harris,* 695 F.Supp. 827, 829 (E.D.Pa.1988) (suggesting that affidavit of process server may create rebuttable presumption that service was effected) *with O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993) (holding that affidavits of process servers are prima facie evidence of valid service that can be overcome only by "strong and convincing evidence"). However, the Court need not address this conflict because something more than nothing is clearly necessary. *See FROF, Inc.,* 695 F.Supp. at 829 ("[A] bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return.").

Walsh has not rebutted plaintiff's evidence that process was served and this court cannot reverse the default judgment based on a conclusion that he was never served with process.

■ Second, if the service of process, as described by the process server in his affidavit, was insufficient, then the default judgment would be void. *See Taylor v. Gearan,* 979 F.Supp. 1, 4 (D.D.C.1997) (holding that court did not have personal jurisdiction over defendants because the service, as described in the affidavit of the process server, did not conform with the requirements of Fed.R.Civ. Pro. 4). However, as described in the affidavit of the process server, process was served according to the requirements of Rule 4 and is therefore sufficient.[1] First, a copy of the summons and complaint were served by an individual who is more than eighteen years old and not a party to the case. Rule 4(c); Aff. ¶ 1. Second, service was made at the defendant's last known "dwelling house or usual place of abode." The process server confirmed that the defendant was currently residing there, by determining from a marina employee that Mr. Walsh had been there that day. *See National Development Company v. Triad Holding Company,* 930 F.2d 253, 257 (2d Cir.1991) (holding that service on individual with more than one dwelling place appropriate if individual is currently residing there). Third, the process server confirmed that the person he was serving it on was Mr. Walsh in several ways: (a) he addressed the individual as Mr. Walsh, and did not receive a denial; (b) he observed the individual enter Mr. Walsh's residence; (c) he confirmed with a marina employee that Mr. Walsh matched the description of the individual served, and (d) the process server provided a description of the individual served, which Mr. Walsh was free to rebut by proving that, at the time of service, he was not around 43 years of age, did not weigh 190 pounds, and was not approximately 5'9". Aff. ¶ 7, 10. Finally, the process server personally served the papers on Mr.

---

1. Since the issue of whether service was proper strikes at the roots of the court's jurisdiction over the case, the Court will examine whether service was proper despite the lack of any specific allegations of how service might have been insufficient by plaintiff. In the absence of any rebuttal by plaintiff, the Court assumes the process server's affidavit, signed under penalty of perjury, to be true.

Walsh by handing him the papers, and informing him of the nature of the documents. Aff. ¶ 7; Rule 4(d)(1). Service was therefore effected according to the dictates of Rule 4 of the Federal Rules of Civil Procedure. The judgment is therefore not void, either for lack of service or for insufficient service of process.

### B. *Fraud or Mistake*

 Walsh's letter could be construed to argue that the judgment should be set aside because of either mistake or fraud on the part of Mobern, namely that Mobern either genuinely thought or fraudulently represented that Walsh had been served with process, when in fact he had not. However, plaintiff has provided no evidence of any fraud or mistake on Mobern's part. In contrast, Mobern has filed the affidavit of a process server, signed under penalty of perjury. Walsh has therefore failed to provide any evidence either initially to support his allegation, or subsequently to rebut Mobern's evidence.

Assuming that defendant had provided any evidence to support his allegations, relief would still be inappropriate in this case. When reviewing motions made pursuant to all sections of Rule 60(b) except 60(b)(4), courts evaluate three factors: "whether (1) the default was willful; (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [to the action is] meritorious." *See Combs,* supra at 441 (quoting *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir. 1980)).[2] The evidence presented by plaintiff, and unchallenged in any substantive way by defendant, demonstrates that the default was due to a willful failure on the part of defendant to respond to the complaint. Since the point of the lawsuit was to obtain control over an internet domain name that is of importance to plaintiff in this matter, plaintiff would be prejudiced should the judgment be set aside. Finally, defendant has failed to allege any defense at all in this action and thereby has no chance of meeting the requirement that defendant present a meritorious defense. Defendant's motion for relief

from judgment on grounds of mistake or fraud must be denied both because there is no evidence to support it and because it fails to satisfy any of the factors that courts generally look to in evaluating such motions.

### III. *CONCLUSION*

For the reasons stated above, the Court holds that defendant has not provided sufficient evidence to warrant that the judgment against him be set aside. He has provided no evidence to rebut the plaintiff's process server's affidavit to show that the judgment is void for insufficient service of process. Moreover, he has provided no evidence of the existence of fraud or mistake, or that he possesses a meritorious defense to plaintiff's claims. In a separate order this date, the Court therefore DENIES defendant's motion for relief from judgment.

---

**2.** This Court will consider these factors despite the argument that these factors were designed to be considered in cases "which do [ ] not present the problem that default judgments were designed to handle: a totally unresponsive party." *See Jackson,* supra at 836.