

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2005

# Gambone v. Lite Rock Drywall

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gambone v. Lite Rock Drywall" (2005). *2005 Decisions.* Paper 1584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3628

SALVATORE GAMBONE; SUSAN GAMBONE;
AMERICO MOSCARIELLO; VERA MOSCARIELLO;
VINCENT CANE; BARBARA CANE

v.

LITE-ROCK DRYWALL CORP.; ADVANCED
CONSTRUCTION MATERIAL CORP.;
JOSEPH LUONGO; THOMAS BOBST;

Joseph Luongo,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-01071)
District Judge: Honorable Robert F. Kelly

Argued December 13, 2004

Before: AMBRO, VAN ANTWERPEN and STAPLETON, <u>Circuit Judges</u>

(Opinion filed: January 5, 2005)

Eugene Orlando, Jr., Esquire (Argued)
Orlando & Strahn
5341 Perkiomen Avenue
Reading, PA   19606

　　　Attorney for Appellant

James J. Oliver, Esquire
Christine P. Oliver, Esquire (Argued)
Oliver, Caiola & Gowen
2500 DeKalb Pike, Suite 100
East Norriton, PA 19401

      Attorneys for Appellees

---

## OPINION

---

AMBRO, <u>Circuit Judge</u>

Because we write solely for the benefit of the parties, we do not set forth the facts giving rise to this appeal. Joseph Luongo ("Luongo") appeals the District Court's August 7, 2003 denial of his motion to strike the default judgment entered against him on September 27, 2001. He argues that i) service of process was not properly effected and ii) the plaintiffs failed to allege sufficient minimum contacts to justify the District Court's exercise of *in personam* jurisdiction over him. For the reasons given below, we affirm the judgment of the District Court.

## I. Service of Process.

Federal Rule of Civil Procedure 4 provides in pertinent part that "service upon an individual . . . may be effected in any judicial district of the United States . . . by delivering a copy of the summons and of the complaint to the individual personally . . . ." Fed. R. Civ. P. 4(e)(2). "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." <u>Gold Kist, Inc. v.</u>

2

Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) (citing Fed. R. Civ. P. 60(b)(4)).

We review the District Court's findings of fact for clear error, Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir. 1981), but exercise plenary review over the District Court's legal interpretation of the Federal Rules of Civil Procedure, including service of process under Rule 4, Bradgate Assoc. v. Fellows, Read & Assoc., 999 F.2d 745, 749 (3d Cir. 1993).

It is settled that "a face to face encounter and an in hand delivery of the papers is not always essential" under Rule 4(e)(2). 4A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1095 (3d ed. 2002). "If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server . . . simply to leave them in the defendant's physical proximity," as Rule 4 guards "the objective of giving notice to the party to be served." Id.

Numerous federal courts have applied this principle and held personal service to be sufficient in the absence of in-hand delivery. See, e.g., Modern Elec. Corp. v. Walsh, 197 F.R.D. 196 (D.D.C. 2000) (service is sufficient when the process server, in attempting to serve the defendant, allows the documents to fall to the defendant's feet and returns shortly thereafter to find the documents no longer lying on the ground); Roth v. W.T. Cowan, Inc., 97 F. Supp. 675 (D.C.N.Y. 1951) (service is sufficient when the defendant actually received the summons and complaint by picking them up from the seat of a truck

3

where they had been left by the process server after the defendant had engaged in deliberate evasion of personal service).

The two essential factors that justify relaxed personal service are i) the defendant's active evasion of service and ii) clear evidence that the defendant actually received the papers at issue when allegedly served. In this case, the District Court was satisfied that both of these factors were present. It concluded that after a series of thwarted attempts at personal service—which clearly demonstrated Luongo's active evasion of service—"leaving the papers on the doorstep after the door was slammed and announcing 'you have been served' was sufficient personal service" when evidence clearly demonstrated that Luongo actually received the papers. Gambone, 2003 WL at *3. For the numerous reasons well stated in the District Court's opinion, we agree.

## II. Personal Jurisdiction.

Luongo argues that the District Court deprived him of due process of law by exercising *in personam* jurisdiction over him on the basis of insufficiently alleged minimum contacts with the Commonwealth of Pennsylvania. This argument ignores, however, that the plaintiffs alleged violations of, *inter alia*, the Securities Exchange Act of 1933 ("'33 Act").[1]

We have previously held "that a federal court's personal jurisdiction may be

---

[1] The District Court held that Luongo had waived his personal jurisdiction defense by failing to file a timely responsive pleading. Because the `33 Act clearly establishes a basis for personal jurisdiction, we do not address the District Court's waiver analysis.

assessed on the basis of the defendant's *national* contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 369 (3d Cir. 2002) (emphasis added). Recognizing the federal basis of the '33 Act claim and the Act's provision for nationwide service of process, the "[m]ere statement of [the] contention [that the complaint does not allege sufficient minimum contacts with the Commonwealth of Pennsylvania] reveals its fatal flaw: It is not [Pennsylvania] but the United States 'which would exercise its jurisdiction over [Luongo].'" Mariash v. Morrill, 496 F.2d 1138, 1143 (2d Cir. 1974) (citations omitted).[2]

The only relevant jurisdictional question under the '33 Act claim is whether the plaintiffs alleged sufficient minimal contacts between Luongo and the United States. It cannot seriously be argued that they did not. For example, the plaintiffs' complaint alleged that, while present in the State of Arizona, Luongo "acted to cause economic

---

[2] We acknowledge that Mariash concerned the Securities Exchange Act of 1934 and that, as Luongo stresses, § 22 of the '33 Act (unlike the nationwide service provision of the 1934 Securities Exchange Act) states that suit "may be brought in the district . . . where the offer or sale took place if the Defendant participated therein." 15 U.S.C. § 77v(a). This portion of § 22 is a venue, not a jurisdiction, provision, and the benefit it confers can be and was in this case waived by not being raised. The more pertinent point is that the '33 Act provides for nationwide service of process, which under Pinker empowers the District Court to exercise *in personam* jurisdiction over Luongo on the basis of his contacts with the United States.

Moreover, because the transaction the complaint alleges "defraud[ed Plaintiffs] of funds" was the sale of stock in Pennsylvania, we read the complaint to allege that Luongo, although physically in Arizona, *participated* in that Pennsylvania sale. Thus, even § 22 of the '33 Act is of no avail to Luongo.

harm to Plaintiffs and defraud them of funds." App. at 24.[3]

### III. Conclusion.

For these reasons we affirm the District Court's Order denying Luongo's motion to strike the default judgment.

---

[3] As for the remaining state law claims, the District Court properly exercised supplemental jurisdiction pursuant to 28 U.S.C. § 1367.