# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| HOPE ROSE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N18C-09-265 VLM |
| v. | ) | |
| | ) | |
| ASHLEY NICHOLS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

**AND NOW TO WIT**, this 29th day of January 2020, upon consideration of Plaintiff's Motion for Leave of Court to Serve Summons by Publication, oral argument, and supplemental submissions, it appears to the Court that:

1.    On September 28, 2018, Plaintiff Hope Rose ("Plaintiff") filed a Complaint against Defendant Ashley Nichols ("Defendant") for personal injuries allegedly sustained following a motor vehicle accident.  On October 29, 2018, Plaintiff filed Summons and Complaint to the Sheriff of New Castle County to effect service upon Defendant.  On November 8, 2018, Deputy Sheriff filed a *Non Est* Return.

2.    On January 31, 2019, Plaintiff filed a Motion for Enlargement of Time; granted by the Court on February 3, 2019.  On May 16, 2019, the Court granted

1

another Motion for Enlargement of Time so that Plaintiff could retain O'Rourke Investigative Services ("O'Rourke") to locate Defendant. On June 5, 2019, this Court also granted Plaintiff's Motion for Special Process Server, appointing DLS Discovery ("DLS") to serve process upon Defendant. Finally, after failed attempts at service, on September 6, 2019, Plaintiff filed a Motion for Leave of Court to Serve Summons by Publication.

3.     On September 24, 2019, after hearing oral arguments, the Court took Plaintiff's Motion under advisement and asked Plaintiff to supplement the record with additional information not fully set out in the initial pleadings, specifically what efforts were made to serve Defendant, and the legal authority upon which Plaintiff relied that would allow service by publication. On October 22, 2019, Plaintiff supplemented the record as requested and alternatively asked this Court to deem service perfected under 10 *Del. C.* § 3103.

4.     In supplementing the record, Plaintiff highlights that O'Rourke had retained and provided an address for Defendant, and that the Delaware Division of Motor Vehicle confirmed that it is the address on file for Defendant.[1] O'Rourke also confirmed that "investigations beyond Delaware's borders revealed no information concerning [Defendant]."[2] Finally, the DLS special process server made contact at

---

[1] Plaintiff's Motion for Leave of Court to Serve Summons by Publication at ¶¶ 4-5.
[2] Plaintiff's Supplemental Letter.

2

Defendant's last known address, and was greeted by a person named "Erin," who held herself out at Defendant's "twin sister." Plaintiff directed DLS to leave process with a confirmed adult at the residence listed. Thereafter, DLS was unable to make contact with any resident at the listed address.

5.      Under 10 *Del. C.* § 3103(a) "service on Delaware residents can be perfected under Superior Court Civil Rule 4(f), 'by stating the substance of [the summons] to the defendant personally, or by leaving a copy . . . at the defendant's usual place of abode, in the presence of some adult person.'"[3] To satisfy the requirements of Due Process, Plaintiff must provide "'notice reasonably calculated, under all circumstances, to apprise interested parties . . . of the action and afford them an opportunity' to respond."[4] "It is settled that 'a face to face encounter and an in hand delivery of the papers is not always essential.'"[5] The Third Circuit has emphasized that when a "defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it

---

[3] *Wang v. B'Nai B'Rith Senior Citizen Hous., Inc.*, No. CIV.A. 09C-02-183FSS, 2010 WL 8250793, at *1 (Del. Super. Ct. July 20, 2010) (citing 10 *Del. C.* § 1303(a)); *see also* DEL. SUPER. CT. CIV. R. 4(F)(1)(I) ("Upon an individual other than an infant or an incompetent person by delivering a copy of the summons, complaint and affidavit, to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process.").

[4] *Wang*, 2010 WL 8250793, at *1 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[5] *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 79 (3d Cir. 2005) (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1095 (3d ed. 2002)).

usually is sufficient for the process server . . . simply to leave them in the defendant's physical proximity[.]"[6] That is also what occurred when DLS made contact at Defendant's last known address, and left the summons and Complaint with a confirmed adult, presumably Defendant's sister.

6. Here, Plaintiff made diligent efforts to accomplish service within the time specified by Rule 4(j) through the Sheriff, the retention of O'Rourke Investigative Services, and the use of Special Process Server. All efforts failed. Under Superior Court Civil Rule 4(j),[7] "except upon a showing of good cause, an action against a defendant shall be dismissed without prejudice if service of the summons and complaint is not made within 120 days after the filing of the complaint."[8] The Superior Court has highlighted that "Congress [has] provided only one example of a 'good cause' exception to the 120-day rule-when failure to timely serve is caused by the defendant's intentional *evasion* of service of process."[9] This is also the case here.

---

[6] *Id.*
[7] DEL. SUPER. CT. CIV. R. 4(J).
[8] *Doe v. Catholic Diocese of Wilmington, Inc.*, No. CIVA09C-06-251PLA, 2010 WL 2106181, at *5 (Del. Super. Ct. May 26, 2010) (granting defendant's Motion to Dismiss where plaintiff made no effort to accomplish service until the 119th day after filing, indicating that plaintiff failed to make a good faith effort in effectuating service).
[9] *Id.* (emphasis added).

4

7.     Plaintiff need not seek a remedy through publication where inferences exist that Defendant is intentionally evading service of process, and relief is available under 10 *Del. C.* § 3103.[10] In assessing the attempted service demonstrated here, the Court focuses on whether it is reasonably likely that the basic facts from Plaintiff's action were represented to Defendant, verbally or in writing, such that she would know litigation is proceeding against her.[11]

8.     The DLS process server had a face-to-face interaction with a woman who held herself out to be Defendant's twin sister.  If there is a twin, it is reasonable to assume that her sister would have advised her of the process server's attempts to provide her with information regarding this lawsuit.  If there is no twin, Defendant lied about her identity and she was served.  Under either scenario, the requirements under Rule 4 and 10 *Del. C.* § 3103(a) have been satisfied where either Defendant was personally served or a copy left at her usual place of abode, in the presence of some adult person (i.e., her sister).

**WHEREFORE**, this Court is satisfied that Plaintiff has effected service upon Defendant.  Plaintiff's Motion for Leave of Court to Serve Summons by Publication

---

[10] *See* 10 *Del. C.* § 3103(a). ("A writ of summons may be served on the defendant in the manner prescribed by any rule of court, or by stating the substance of it to the defendant personally, or by leaving a copy of it at the defendant's usual place of abode, in the presence of some adult person, 6 days before the return thereof.").

[11] *Wang*, 2010 WL 8250793, at *1 (citing 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1095 (3d ed.2010) (asserting that when defendant evades or refuses service, relaxed standards are sufficient if the "objective of giving notice to the party to be served" is met)).

is **DISMISSED** as moot, and Plaintiff's alternative request to deem service perfected

is **GRANTED.**

**IT IS SO ORDERED.**

_____
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   All Counsel on Record (via e-filing)
      Ashley Nichols, Defendant