GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

V.I. PLEASURE BOAT, INC., Defendant

## Case No. 83-77

## Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

## September 14, 1977

Robert J. Sands, Esq., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

Michael P. Lehtonen, Esq., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

Once again this court is confronted with the increasingly recurrent problem of a defaulting defendant seeking post judgment relief. It has become evident by the number of motions filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 60(b), that requests to set aside default judgments are being filed as a matter of course. The leniency with which the court has entertained such motions has led to a situation where service of process appears to be summarily disregarded or conveniently forgotten by defendants unimpressed by the summons of the court. While this court is in complete accord with the prevailing philosophy of the Federal Rules, a philosophy that favors resolving disputes on the merits and not by default, countervailing considerations of public policy and overcrowded dockets dictate that at some point there shall be an unconditional end to litigation.

The cases show that although the courts have sought to accomplish justice, they have administered Rule 60(b) with a scrupulous regard for the aims of finality.

11 Wright and Miller, Federal Practice and Procedure: Civil § 2857, p. 161 (1973). Failure of a defendant to defend will ordinarily, absent good cause, achieve such an end. The courts

have been unyielding in requiring that a party show good reason for his failure to take appropriate action sooner. Id.

124

In the present case, after taking testimony and making findings of fact and conclusions of law, the court on May 11, 1977, granted a default judgment to the plaintiff, Government of the Virgin Islands. Subsequently, the defendant, Virgin Islands Pleasure Boats, Inc., filed a motion to set aside the default judgment and stay execution of judgment pending disposition of the motion pursuant to Rules 55(c), 60(b), and 62(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I R. 55, 60 and 62. Defendant alleged "lack of proper notice of the default judgment." This indicates that at least some notice *was* received, although it may have been deficient either on its face or in the manner in which service was effected. Defendant's memorandum in support of its motion argued, however, that

[d]efendant has no recollection of receiving any notice of this lawsuit or of the default judgment.

The emphasis seems to be on the ability of the affiant, the president of defendant corporation, to recall service. In face of this uncertainty as to defendant's legal position and in accord with the prevailing philosophy of the Federal Rules, this court gave leave on June 23 for defendant to file an affidavit indicating a justifiable excuse for not taking appropriate action sooner and that it had a potentially meritorious defense. On July 14, defendant submitted its affidavit, by and through Carlos Giminez, president and majority stockholder of defendant corporation. In paragraphs four and nine of the affidavit, Mr. Giminez asserted that he does not "recall" having been personally served in spite of the marshal's return of service to the contrary. On July 15, this court gave both parties an opportunity to request a hearing on whether or not a sufficient showing had been made by the defendant to set aside the default judgment. Both parties having subsequently submitted

memoranda of law and neither party having requested a hearing, the court will base its decision on the strength of the motion and the supporting and opposition papers and affidavits.

RULE 60(b)

■ Defendant's motion to set aside the judgment is based on Rule 60(b), the relevant parts of which are set out in the margin.[1] Unfortunately, defendant has not stated which subdivision of the Rule supports its prayer for relief. This is compounded by a continuing uncertainty as to the defendant's factual contentions. Mr. Giminez has attested to his inability to "recall" service of process on him. It is unclear, however, whether Mr. Giminez contends that service was not made on him or whether this is a tacit concession that service may well have been effected, but that he simply is unable to recall it. This is significant because the issues involved and the showing needed in support of each of the two possible interpretations of Giminez' inability to "recall" service vary considerably. Accordingly, both possible interpretations of defendant's statements will be considered. It is the court's conclusion, however, that neither interpretation of the Giminez statement is sufficiently supported to justify relief under Rule 60(b).

---

[1] (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

█ It is a well settled rule that service of process is a necessary prerequisite for the court to exercise jurisdiction over a defendant. Walden v. Craig's Heirs, 14 Pet. 147, 39 U.S. 147, 10 L.Ed. 393 (1840). Absent service of process or other valid notice on a defendant the judgment is void. Under Rule 60(b)(4) a party may have a judgment set aside if he can show that it was void. Failure to serve a defendant a fortiori renders a judgment void and makes out a claim for relief under Rule 60(b)(4).

█ The problem in the case sub judice is that the marshal's return of service states that copies of the summons and complaint were personally served on Mr. Giminez. At common law such a return was conclusive between the parties to an action. See Halpert v. Appleby, 23 F.R.D. 5, 6 (S.D.N.Y. 1958) and references therein. Although the rule has been relaxed, under federal law the return of a U.S. Marshal still is entitled to great weight and may only be controverted upon an adequate showing. 2 Moore's Federal Practice, ¶4.43, p. 1295.4 (2d ed. 1970). Such a showing requires "strong and convincing" evidence. Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955); Cleaves v. Funk, 76 F.2d 828 (10th Cir. 1935). Mere allegations by a defendant that he did not receive service, even when supported by affidavit, are insufficient to impeach the marshal's return or require a hearing on the question of service, United States v. Scheiner, 308 F.Supp. 1315 (S.D.N.Y. 1970); See Hill v. Sand, 403 F.Supp. 1368 (N.D. Ill. 1975).

In the instant case Mr. Giminez says that he doesn't "recall" service being made on him. This, if a denial it is, is one of the weakest forms of denial that is linguistically achievable. It clearly does not present the kind of "strong and convincing" evidence necessary to impeach the mar-

shal's return and justify relief under Rule 60(b)(4). The policy considerations weighing against the grant of relief in such circumstances are obvious and well stated by Judge Dimock in Halpert v. Appleby, supra at 6:

> It would be highly inconvenient and, indeed, demeaning to the dignity of the court and its officers if a defendant, by a mere denial, could force the plaintiff to take the deposition of the marshal in support of his official return. . . .
>
> . . . .
>
> . . . The unseemly inquiry into the truth of the official certificate need not be pursued unless an almost irrefragable case is presented against it.

It is the court's conclusion that the Giminez affidavit does not make out an "almost irrefragable case" against the marshal's certification of service and thus is insufficient to justify relief under Rule 60(b)(4).

### EXCUSABLE NEGLECT

The Giminez affidavit, however, may be read as impliedly conceding that service was or may have been made on him. If that is the case, defendant's 60(b) motion presumably is based on subdivision (1), which grants relief for, among other things, inadvertence and excusable neglect. The issue then is whether the defendant corporation president's mere forgetfulness or inability to recall service is sufficient for relief under Rule 60(b)(1). The court holds that it is not.

Initially, it should be stated that although "inadvertence" and "neglect" are not precisely identical, they are synonymous and frequently are used interchangeably in applying Rule 60(b). Ledwith v. Storkan, 2 F.R.D. 539 (D.Neb. 1942). Although the word "excusable" does not precede the word "inadvertence" in 60(b)(1), the decisions have denied relief unless the defendant's actions or omissions were excusable, and that fact must be shown in support of

the motion to set aside judgment. Id. at 544. In the case sub judice there has been no such showing. The Giminez affidavit recites the inability of the affiant to "recall" service. Defendant has not shown this to be anything but inexcusable neglect. Although this court's disposition is generally in favor of granting relief from a default judgment and a hearing on the merits,

Litigants and counsel may not properly be allowed to disregard process or procedural rules with impunity.

7 Moore's, supra, ¶60.19, pp. 235–236. Here the record reveals, if not outright disregard, a cavalier indifference by the defendant corporation's president to the service of process upon him. No justification having been offered on his behalf for his failure to recall, none will be presumed. The court is thus without authority, even were it so inclined, to grant the prayed for relief.

The vacation of a default judgment duly entered without fraud or overreaching, is not an action which the court should take arbitrarily or as a courtesy or favor to the losing party. Unless and until he shows that his default and the resultant judgment are attributable to his "mistake, inadvertence, surprise or excusable neglect", the rule invoked confers no authority upon the court to vacate the judgment and allow him to answer. In the absence of such a showing the judgment must stand regardless of any inclination towards indulgence, to which the court may be prompted. Ledwith v. Storkan, supra, at 544–45.

### MERITORIOUS DEFENSE

One additional word needs to be said concerning the affidavit of Mr. Giminez submitted pursuant to the June 23, 1977 order of this court. One of the purposes of the affidavit, as stated by the court order, was to show how the asserted defense was potentially meritorious. Most of the factual background of the defendant's position is gleaned not from the Giminez affidavit, but from counsel's mem-

orandum of law. While this court is not prepared to say as a matter of law, as the plaintiff suggests, that the affidavit is fatally deficient in its failure to show a meritorious defense, it certainly would have been the better procedure for Mr. Giminez to have sworn to the facts as set forth in paragraphs 2 and 3 of defendant's memorandum of law.

Wherefore it is

ORDERED that defendant's motion to set aside judgment is hereby denied and that the court's authorization of a stay of execution of the judgment is hereby vacated.