

**FILED**

December 20, 2021 03:35 PM

ST-2021-RV-00014

**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\***

FURNITURE PLUS,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　**CASE NO. ST-2021-RV-00014**
　　　　　　　**Appellant/Defendant**,　　)
　　　　　　　　　　　　　　　　　　　)　(Appeal from Case No: ST-2020-SM-00122)
　　　　　　　**-vs-**　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**NORMAN AGNESS**,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　**Appellee/Plaintiff**.　　　　)

Cite as: 2021 VI Super 119U

## MEMORANDUM OPINION AND ORDER

¶1　　**THIS MATTER** is before the Court on Appellant Furniture Plus's appeal from the October 13, 2021 Order by Magistrate Judge Henry V. Carr III denying Furniture Plus's Request To Set Aside Default Judgment in the Small Claims Case No. ST-2020-SM-00122.

¶2　　The Court finds that the Magistrate Judge did not abuse his discretion in denying Furniture Plus's request for a continuance and entering a default judgment against Furniture Plus, nor did the Magistrate Judge abuse his discretion in denying the motion to set aside the default judgment. However, the Court will reverse and remand the August 6, 2021 Default Judgment in part on account of the damages reward being excessive and an unwarranted windfall.

### I.　　INTRODUCTION

¶3　　On July 13, 2020, Appellee Norman Agness ("Agness") filed a Small Claims Complaint requesting a refund of the $5,700.00 he spent on a furniture set, characterized by Furniture Plus as a seven-piece furniture set, although Furniture Plus then proceeds to list eight (8) items: two (2) box springs, a dresser, a mirror, a chest, a nightstand, a footboard and a mattress.[1] During the August 5, 2021 hearing, Agness characterized it as a five-piece set consisting of a nightstand, a dresser, a chest, a wooden bedframe, and a mattress. Also, during that hearing, the Magistrate Court made a finding of fact that the furniture set constituted a single "commercial unit."[2] Agness alleged that one (1) bed drawer was mismatched and subsequently taken away by the Furniture Plus delivery driver the day following delivery and that there was a crack on the chest. The

---

[1] Appellant's Position Statement 1.

[2] V.I. CODE ANN. tit. 11A, § 2-105 provides that a "commercial unit" means:

>　such a unit of goods as by commercial usage is a single whole for purposes of sale and division of which materially impairs its character or value on the market or in use. A commercial unit may be a single article (as a machine) or a set of articles (as a suite of furniture or an assortment of sizes) or a quantity (as a bale, gross, or carload) or any other unit treated in use or in the relevant market as a single whole.

Magistrate Court found that under 11A V.I.C. § 2-714, a full refund of the purchase price of the furniture set was a reasonable award for damages.[3]

¶4    In addition to ordering Furniture Plus to pay the full refund amount, the Court ordered Furniture Plus to pay $100.00 in Court costs.[4] Furniture Plus requests the Court to reverse the Court's finding that he was in default, to put aside the money judgment for Agness, and to hold a new hearing on the merits of the case.[5] Furniture Plus states that "[d]ue largely to the restrictions concerning COVID and a continuing medical emergency experienced by Appellant's very ill eighty-three-year-old mother, the case was not scheduled for a hearing until March 12, 2021."[6]

¶5    Furniture Plus then states it got a continuance for the March 12, 2021 hearing and it was rescheduled for August 5, 2021.[7] Furniture Plus states that three (3) days before this hearing, Furniture Plus again asked for a continuance since it would be "out of the Territory on a medical emergency" due to Furniture Plus's representative's mother's condition.[8] The Court denied Furniture Plus's request for a continuance, Furniture Plus did not attend the hearing, and a default judgment was entered against Furniture Plus.[9] Furniture Plus's request to set aside the judgment was denied.[10]

¶6    Furniture Plus argues that equity required that the Magistrate Court grant Furniture Plus's second request for a continuance as it was made in good faith and because Furniture Plus's representative was traveling and caring for his ill mother. Secondly, Furniture Plus argues that under Virgin Islands Rule of Civil Procedure 60(b)(1), the judgment should be set aside because Furniture Plus's three (3) day notice for a continuance was the result of mistake, inadvertence, surprise, or excusable neglect. Third, Furniture Plus argues that the Magistrate Court erred in concluding that a second continuance would prejudice Agness because of the extended length of time the matter had been pending.

¶7    Fourth, Furniture Plus argues that it has a meritorious defense to reduce the judgment—while Agness argues that the furniture set contained a cracked dresser and the bedframe had a mismatched drawer, Furniture Plus argues it replaced the drawer for Agness and insists the dresser was not cracked prior to delivery and it was accepted upon delivery.[11] Fifth, Furniture Plus argues it is unjust enrichment to allow Agness to receive the full purchase price of the bedroom set while

---

[3] While the Magistrate Court did not specify which subsection it was referring to, subsection (1) states: "Where the buyer has accepted goods and given notification (subsec. (3) of § 2–607) he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." 11A V.I.C. § 2-714(1).

[4] *Norman Agness v. Furniture Plus*, 2021 VI Super 104, ¶6.

[5] Appellant's Position Statement 1.

[6] Appellant's Position Statement 1.

[7] The March hearing was actually rescheduled for June 2, 2021. At the June hearing, the Court was informed that Furniture Plus had not yet been served and the hearing was rescheduled again for August.

[8] Appellant's Position Statement 2.

[9] Appellant's Position Statement 2.

[10] Appellant's Position Statement 2; *Norman Agness*, 2021 VI Super 104.

[11] During the hearing, Agness indicated that Furniture Plus had not yet replaced the drawer.

Agness still enjoys the use of the bedroom set. Lastly, Furniture Plus contends that default judgments should only be granted in extreme circumstances and the facts surrounding this case do not result in extreme circumstances.

¶8 On August 30, 2021, Furniture Plus moved the Magistrate Court to set aside the default judgment, which was denied by a Memorandum Opinion and Order entered by Magistrate Judge Henry V. Carr III on October 13, 2021.[12] Furniture Plus filed its first notice of appeal on October 21, 2021. This notice simply states that Furniture Plus requests the "Honorable Court to appeal the courts [sic] decision in this case." On October 30, 2021, the Court ordered Furniture Plus to correct deficiencies in its appeal,[13] although this Order was not docketed until November 9, 2021. On November 12, 2021, Furniture Plus filed a Position Statement and Notice of Appeal which states that Furniture Plus is appealing an Order signed by the Honorable Henry V. Carr III and entered on August 10, 2021.

## II. LEGAL STANDARD

¶9 Magistrate appeals are governed by title 4, § 125 of the Virgin Islands Code, which provides that "[a]ll appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law."[14] The Superior Court Rules provide that small claims are one of the original matters reviewable under Rule 322.1.[15] Rule 322.1(b)(2) states that "[p]etitions for review under this section must be filed with the Clerk of the Court within ten (10) days after entry of the order sought to be reviewed, and a copy served on the opposing party"[16] and "[t]he time for filing a petition for review may not be extended. A petitioner who fails to seek review within the time provided by these rules waives the right to file an objection to the magistrate judge order."[17] A motion filed out of this window is not eligible for review by the Superior Court.[18]

¶10 Rule 322.3 provides the standard of review: "[f]actual determinations are to be reviewed for clear error" and "[l]egal findings, statements of law, and the application thereof, are to be afforded plenary review." On review of a decision from the Magistrate Division, the Superior Court "must address each of the errors the parties address in their briefs, except any errors that have been waived."[19] The standard of review for a Magistrate's entry of default judgment and for

---

[12] *Norman Agness*, 2021 VI Super 104.

[13] V.I. SUPER. CT. R. 322.1(b)(1)(C) states that "[n]o petition for review shall be dismissed merely because of its form, title or informality."

[14] V.I. CODE ANN. tit. 4, § 125.

[15] V.I. SUPER. CT. R. 322.1(a) ("Original matters reviewable under this rule are: Small Claims; Forcible Entry and Detainer and Landlord Tenant actions; Criminal Bench Trials (for 6 month misdemeanors); Domestic Violence; Non felony Traffic offenses; Probate cases; Litter and Conservation offenses.").

[16] V.I. SUPER. CT. R. 322.1(b)(2)(A).

[17] V.I. SUPER. CT. R. 322.1(b)(2)(B).

[18] *Payne v. Lehtonen*, 55 V.I. 286, 291 (V.I. Super. Ct. 2011) ("Pursuant to Rule 322.1 and the Interim Procedures, Defendant's petition is not a reviewable matter since the Defendant's petition was filed after the . . . filing deadline. There is also no evidence of an extension request or proof of a timely filed petition in the incorrect forum by the Defendant.").

[19] *Dennie v. People*, 66 V.I. 143, 149 (V.I. Super. Ct. 2017).

denial of a motion for continuance is abuse of discretion.[20] "An abuse of discretion arises when a decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."[21] The Superior Court may then affirm, reverse, or reverse and remand the decision.[22]

## III.   ANALYSIS

### A. The Magistrate Judge did not abuse his discretion in denying Furniture Plus's motions

¶11    While Furniture Plus states in its November 12, 2021 Notice of Appeal that the Order it is appealing was entered on August 10, 2021, it appears from the sequence of filing that Furniture Plus, who is appearing *pro se*, is actually appealing the denial of its reconsideration motion that was denied in October. Furniture Plus's initial attempt at an appeal is within ten (10) days of entry of the October 13, 2021 Memorandum Opinion and Order, but not within ten (10) days of the August 10, 2021 Order, thus the Court considers the reconsideration denial.

¶12    Furniture Plus's first contention is that equity required the Magistrate Court to grant the motion for a continuance. By "equity," the Court interprets Furniture Plus to mean "[t]he recourse to principles of justice to correct or supplement the law as applied to particular circumstances[.]"[23] Rule 6-3 of the Virgin Islands Rules of Civil Procedure states that "[c]ontinuances of trials, conferences, other scheduled hearings, whether by motion of one party or by stipulation of all parties, will not be routinely granted, but will be granted only upon a demonstration of good cause"[24] and "[a]ll motions for continuance must be filed and served not less than 7 days prior to the scheduled trial, conference, or hearing. A motion filed less than 7 days prior to the scheduled trial, conference, or hearing will only be considered upon a showing of exceptional circumstances."[25]

¶13    Furniture Plus filed its motion three (3) days before the hearing. While Furniture Plus states its representative had to travel to take care of his ill mother, Furniture Plus gives no indication as to why it could not call-in to the hearing or otherwise appear virtually as the hearing was conducted via video teleconference, why it could not inform the Court until only three (3) days before the hearing when Furniture Plus had already moved to continue the hearing once for the very same reason, or why it could not send another representative to represent it at the hearing.[26] The

---

[20] *VI Casino Control Comm'n v. Carpet Masters*, 2020 VI Super 102U, ¶ 6 (citing first *Martinez v. Columbian Emeralds*, 51 V.I. 174, 188 (V.I. 2009), then *Gore v. Tilden*, 50 V.I. 233, 237 (V.I. 2008)).

[21] *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 622 (V.I. 2017) (citing *Appleton v. Harrigan*, 61 V.I. 262, 268 (V.I. 2014)).

[22] V.I. SUPER. CT. R. 322.3(c); *see also Wild Orchid Floral & Event Design v. Banco Popular de Puerto Rico*, 62 V.I. 240, 248 (V.I. Super. Ct. 2015) ("Instead, the appellate court can only affirm, reverse, or reverse and remand.").

[23] *Equity*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[24] V.I. R. CIV. P. 6-3(a).

[25] V.I. R. CIV. P. 6-3(d).

[26] The statute establishing the jurisdiction for small claims states that "[n]either party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative." 4 V.I.C. 112.

Magistrate Court did not abuse its discretion by not finding that the extraordinary power of equity required it to grant an untimely and last-minute motion for a continuance when a prior one had already been granted.

¶14     Next, Furniture Plus argues that its untimely motion was the result of "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) of the Virgin Islands Rules of Civil Procedure because of Furniture Plus's "mistaken understanding of the law and inadvertences due to the many challenges facing the Appellant with travels and care of his ill mother."[27] A party alleging mistake of law must show that "a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party" or that "the judge has made a substantive mistake of law or fact in the final judgment or order."[28] Furniture Plus is not alleging a judge or attorney made a mistake of law, so it must be arguing that it made "an excusable litigation mistake."

¶15     Furniture Plus does not indicate what this mistake is, but the Court cannot condone that failure to appear to a Court-mandated hearing, either via video teleconference or telephonically, or to promptly notify the Court within the straightforward timeframe mandated by law, could be considered an "excusable mistake." Since Furniture Plus had already once before moved for a continuance, which was granted, the Court cannot discern what other litigation mistake Furniture Plus is stating it made.

¶16     Nor does the Court see what 'inadvertence' justifies setting aside the Magistrate Court's Order. While ruling on the substantially similar Federal Rule of Civil Procedure 60(b)(1), this Court has stated that "[a]lthough the word 'excusable' does not precede the word 'inadvertence' in 60(b)(1), the decisions [interpreting Rule 60(b)(1)] have denied relief unless the defendant's actions or omissions were excusable, and that fact must be shown in support of the motion to set aside judgment."[29] "Inadvertence means '[a]n accidental oversight; a result of carelessness.'"[30] Additionally, "although 'inadvertence' and 'neglect' are not precisely identical, they are synonymous and frequently are used interchangeably" when applying Rule 60(b)(1).[31] Excusable neglect is often defined in the negative: "'the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'"[32] The failure to abide by the

---

[27] Appellant's Position Statement 2.

[28] *Guardian Ins. Co. v. Khalil*, No. ST-08-CV-494, 2014 V.I. LEXIS 131, at *14 (V.I. Super. Ct. July 30, 2014) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

[29] *Gov't of the V.I. v. V.I. Pleasure Boat*, 14 V.I. 123, 128-29 (V.I. Super. Ct. 1977).

[30] *Summers v. Lancia Nursing Homes, Inc.*, 76 N.E.3d 653, 662 (Ohio Ct. App. 2016) (quoting *Inadvertence*, BLACK'S LAW DICTIONARY (9th ed. 2009)).

[31] *V.I. Pleasure Boat*, 14 V.I. at 128.

[32] *Summers*, 76 N.E.3d at 662 (quoting *Kay v. Marc Glassman, Inc.*, 665 N.E.2d 1102, 1105 (Ohio 1996)).

Court's June 16, 2021 Order and attend a hearing that Appellant was aware of[33] is not the kind of excusable inattention that Rule 60(b)(1) is intended to remedy.[34]

¶17     Furniture Plus then argues that the Court erred "in concluding that a second continuance would prejudice the plaintiff."[35] The Magistrate Judge found that Furniture Plus's motion was untimely under Virgin Islands law and that continuing the hearing further would prejudice Agness reasoning that:

> Small claims matters are intended to provide 'simple, speedy, and inexpensive' resolutions to civil claims not exceeding $10,000. V.I. Sм. Cl. R. 1(d). Despite such intent, the instant matter was pending before the Court for over a year before judgment was entered. The delay was partially due to the COVID 19 pandemic, but it was also due to Defendant's failure to appear at multiple hearings, instead making last minute excuses for its absence and requesting further continuances. Plaintiff appeared before the Court four times over the course of several months and presented a straightforward case supported by ample evidence. The Court finds that to set aside its Judgment at this time would unquestionably visit prejudice upon this particular Plaintiff.[36]

¶18     Furniture Plus does not cite to any legal authority or argument as to how this is an error, rather Furniture Plus just reiterates that his three-day notice for a continuance was mistaken, inadvertent, and excusable neglect. Likewise, Furniture Plus's argument that default judgments should only be granted in extreme circumstances is similarly lacking in any support, and besides default judgments are granted in unremarkable circumstances frequently.[37] Upon reviewing the Magistrate Court's reasoning in this matter, this Court affirms it as there is no clearly erroneous finding of fact, errant conclusion of law, or an improper application of law to fact.

---

[33] Not only was Appellant Furniture Plus made aware of the hearing by the Court's June 16, 2021 Order, he was also informed in that Order that "Defendant's failure to appear can result in a judgment of default."

[34] *Kay*, 665 N.E.2d at 1105 (finding excusable inadvertence where counsel "had timely prepared an answer but [ ] his secretary had inadvertently placed the pleadings back into the file drawer rather than mail them to the court for filing and to opposing counsel"); *cf.*, *Tippie v. Tenn. Dep't of Revenue*, No. 10-2702-STA-dkv, 2012 U.S. Dist. LEXIS 103209, at *10 (W.D. Tenn. July 25, 2012) ("Plaintiff's counsel's failure to file the Affidavit was not an inadvertence meriting relief under Rule 60(b)(1)."); *Sears, Sucsy & Co. v. Insurance Co. of North America*, 392 F. Supp. 398, 412 (N.D. Ill. 1974) (citing *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972)) ("[N]either ignorance nor carelessness on the part of a litigant or an attorney will provide grounds for Rule 60(b) relief."); C. Wright & A. Miller, *Federal Practice and Procedure*, § 2858, at 170 (1973) ("When a party seeks to invoke Rule 60(b)(1) he must show he was justified in failing to avoid the mistake or inadvertence."); *see also Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000) (citing *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)) (holding that in the Eighth Circuit, only "judicial inadvertence" and not inadvertence by a party can be remedied by FRCP 60(b)(1)).

[35] Appellant's Position Statement 2.

[36] *Norman Agness*, 2021 VI Super 104, ¶ 10.

[37] *See, e.g.*, *High Times VI Enterprises, LLC v. Rahhal*, 2021 VI Super 42 (granting a default judgment where plaintiff and defendant had an agreement where plaintiff delivered defendant goods and defendant failed to pay for them).

### B. Because the judgment awards excessive damages and results in an unwarranted windfall, the Court will reverse and remand for a new damages award

¶19    Lastly, Furniture Plus argues that it "has a meritorious defense and certainly a defense to reduce the judgment."[38] Furniture Plus argues that Agness paid $5,700.00 for a multi-piece bedroom furniture set, which he received, albeit with a mismatched drawer and a crack in the dresser, and that the crack in the dresser was not there when delivered and accepted. By failing to attend the hearing, Furniture Plus waived its chance to present its defense or any evidence, as the June 16, 2021 Order stating that Furniture Plus risked default by not attending the hearing makes clear. Therefore, Furniture Plus is not entitled to a full hearing on the merits of the case.

¶20    However, Furniture Plus states it would be unjust enrichment for Agness to continue to possess and benefit from the furniture set while also receiving the full purchase price. As a preliminary matter, the Court notes that Furniture Plus's "unjust enrichment" argument is presented for the first time here on appeal, and it was not argued in Furniture Plus's August 30, 2021 Request To Set Aside Default Judgment. Unjust enrichment at its most basic is the "retention of a benefit conferred by another not as a gift, but instead in circumstances where compensation is reasonably expected."[39] While that *is* what Furniture Plus is alleging Agness is doing—retaining the use of the furniture not as a gift, but in circumstances where Furniture Plus could reasonably expect payment because it sold the furniture to Agness—"unjust enrichment" is also a legal term of art that usually deals with quasi-contract cases.[40] However, in looking at the factual substance of the claim, the Court characterizes Furniture Plus's *pro se* appeal as one that alleges "excessive damages."[41]

¶21    Excessive damages are "[a] jury award that grossly exceeds the amount warranted by law based on the facts and circumstances of the case; unreasonable or outrageous damages, which are

---

[38] Appellant's Position Statement 3.

[39] *Unjust Enrichment*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[40] Certain Underwriters at Lloyd's of London v. Garcia, 63 V.I. 499, 506 (V.I. Super. Ct. 2015) (quoting *Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 251 (V.I. 2014)) ("Unjust enrichment is an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties 'but fairness dictates that the plaintiff receive compensation for services provided."); *see also Unjust Enrichment*, BLACK'S LAW DICTIONARY (11th ed. 2019):

> Instances of unjust enrichment typically arise when property is transferred by an act of wrongdoing (as by conversion or breach of fiduciary duty), or without the effective consent of the transferor (as in a case of mistake), or when a benefit is conferred deliberately but without a contract, and the court concludes that the absence of a contract is excusable — as when the benefit was provided in an emergency, or when the parties once seemed to have a contract but it turns out to be invalid. The resulting claim of unjust enrichment seeks to recover the defendant's gains.

[41] The Virgin Islands Supreme Court stated in *Penn v. Mosley* that "the Appellate Division is cautioned to look at the factual substance of the testimony of *pro se* Small Claims parties and consider legal theories that might be implicated in determining if an issue was fairly presented in a Small Claims matter." *Penn v. Mosley*, 67 V.I. 879, 895 n.5 (V.I. 2017).

subject to reduction by remittitur."[42] Remittitur is "[t]he process by which a court requires either that the case be retried, or that the damages awarded by the jury be reduced."[43] Generally, remittitur occurs at the Superior Court level after a jury has come to a verdict,[44] not on appeal from a Magistrate decision. Either way, the Virgin Islands does not recognize the common law claims of remittitur or additur, and instead permits "a jury's verdict to be altered by a judge only if it is not supported by sufficient evidence in the record, or if a reduction is compelled under the United States Constitution."[45]

¶22     Accordingly, under Virgin Islands Rule of Civil Procedure 59, a Court may order a new trial after a jury trial on the grounds of "excessive or inadequate damages"[46] and "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."[47] The commentary to Rule 59 states that "[w]hile remittitur is not valid in the Virgin Islands, subpart (a)(iv) is retained to allow for other non-remittitur defects to be remedied."[48] Additionally, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[49]

¶23     However, as stated above, the instant case is not that of a party requesting remittitur from a trial judge after a jury has returned a verdict but is instead that of a party appealing the judgment and damages awarded by a Magistrate Judge. Thus, the traditional excessive damages/remittitur regime and rules outlined above are informative, but not wholly binding. The reasoning the Virgin Islands Supreme Court laid out in *Antilles School, Inc. v. Lembach*[50] for declining to follow the common law of remittitur is persuasive, particularly its concern that remittitur removes from the jury the power to find fact and "vests it with a judge."[51] These concerns are not present when an appellate judge reviews the findings of fact made by a judge in a lower court. Additionally, the reward in this case resulted from a default judgment. While Agness presented evidence in this case as to the exact amount he paid, generally when only one side presents evidence and the other side does not have an opportunity to contest it, the judicial system benefits from a careful review of alleged excessive damages. Therefore, the Court will review the damages award to see if it is indeed excessive.

---

[42] *Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[43] *Remittitur*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[44] *Lembach v. Antilles Sch., Inc.*, No. ST-12-CV-613, 2015 V.I. LEXIS 35, at *76-77 (V.I. Super. Ct. Apr. 7, 2015) (discussing when the Court will disturb a jury's award because of excessive damages).

[45] *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 437 (V.I. 2016) ("Consequently, we conclude that the best rule is to decline to recognize remittitur, and to permit a jury's verdict to be altered by a judge only if it is not supported by sufficient evidence in the record, or if a reduction is compelled under the United States Constitution.").

[46] V.I. R. CIV. P. 59(a)(1)(A)(iv).

[47] V.I. R. CIV. P. 59(a)(2).

[48] V.I. R. CIV. P. 59 cmt.

[49] V.I. R. CIV. P. 59(b).

[50] 64 V.I. 400 (V.I. 2016).

[51] *Id.* at 436-37.

¶24    Under 11A V.I.C. § 2-714(2), the measure of damages where a buyer has accepted goods and notified the seller of any non-conformity is "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."[52] Further, it a fundamental precept of justice that enforcement of a judgment that would result in a double recovery or unwarranted windfall for the plaintiff is unjust.[53]

¶25    The Magistrate Court specifically found during the hearing that the damage to the items "devalued the furniture set as a whole." Agness, when asked during the hearing what he was requesting in terms of damages, stated he wanted the items "replaced" or "the cost of the items refunded" or "the chest and drawer replaced." The Magistrate Court specifically found that Agness had done everything he could to get the replacement items and instead awarded him the full purchase price. Given the extent of the injury suffered by Agness, a missing drawer and a crack in a single piece of furniture out of a set, an award of nearly $6,000, with which an entirely new multi-piece furniture set could be purchased, is excessive. Additionally, such a reward would be a windfall. The situation is similar to buying a $10,000.00 car with a defective tire and cracked sideview mirror and getting to keep both the car and the $10,000.00.

¶26    While the Court made a finding of fact that Agness rejected the goods when he sought the deficiency be cured and it never was, Agness still retains the possession and use of the goods and has not attempted to return the furniture set or otherwise have it returned, thus that finding was clearly erroneous. A legally proper remedy would therefore be the difference in price between the value of the defective furniture set that was delivered and the $5,700.00 purchase price, as well as the Court costs.

¶27    Further, under 11A V.I.C. § 2-715 Agness may also be awarded any incidental or consequential damages he suffered. Incidental damages include "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach"[54] and consequential damages include "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise"[55] as well as "injury to person or property proximately resulting from any breach of warranty."[56]

---

[52] 11A V.I.C. § 2-714(2).

[53] *See Gould v. Salem*, 59 V.I. 813, 818 (V.I. 2013) ("Notably, courts have consistently granted Rule 60(b)(5) relief when some subsequent event occurs that would render the original judgment unjust, such as when enforcement of the judgment as written would result in a double recovery or otherwise result in an unwarranted windfall for the plaintiff.").

[54] 11A V.I.C. § 2-715(1).

[55] 11A V.I.C. § 2-715(2)(a).

[56] 11A V.I.C. § 2-715(2)(b).

¶28 Alternatively, Agness may disgorge the furniture set he purchased back to Furniture Plus and receive his full refund. As the Magistrate Court noted, under 11A V.I.C. 2-607, a buyer who accepts defective goods conditionally under the reasonable assumption that the non-conformity will be cured can reject the goods.[57] What Agness may not do is retain both the cost of his purchase and the benefit of his purchase. Therefore, the Court will reverse the judgment in part and remand the decision back to the Magistrate Court so that a new damages award consistent with this Memorandum Opinion and Order may be entered.

## IV.    CONCLUSION

¶29 On July 12, 2020, Agness filed a Small Claims suit against Furniture Plus requesting a refund of the $5,700.00 he paid for a furniture set, alleging a drawer was missing and the dresser was cracked. At Furniture Plus's request, the Magistrate Court continued the matter several times until August 5, 2021. Three (3) days before the hearing, Furniture Plus again requested a continuance, which was denied by Magistrate Judge Henry V. Carr III, who held the hearing and issued a default judgment against Furniture Plus. Furniture Plus moved to set aside the default judgment on August 30, 2021. On October 13, 2021, Furniture Plus's request was denied. On October 21, 2021 Furniture Plus filed an incomplete notice of appeal. After a Court Order directing Furniture Plus to fix deficiencies in its appeal, a Position Statement was docketed on November 12, 2021.

¶30 On review, there is no abuse of discretion in the Magistrate Judge's denial of the continuance, entry of default judgment, and denial of Furniture Plus's request that the default judgment be set aside. Furniture Plus also argues on appeal that the damages award works as "unjust enrichment" for Agness. Fitting Furniture Plus's factual claims into the legal theory they most closely match, that of "excessive damages," the Court finds that allowing Agness to keep both the minorly damaged $5,700.00 furniture set and the $5,700.00 would serve as an unwarranted windfall. This is because under the Uniform Commercial Code, as adopted by the Virgin Islands in title 11A of the Virgin Islands Code, the damages remedy for delivery of defective goods which are accepted by the purchaser is the difference between the purchase price and value of the defective goods. The Court therefore reverses in part and remands for entry of a damages award consistent with this Memorandum Opinion and Order.

¶31 Accordingly, it is hereby

**ORDERED** that the Magistrate Division's October 13, 2021 Memorandum Opinion and Order is **AFFIRMED to extent that it (1) denied Furniture Plus' request for a continuance;**

---

[57] 11A V.I.C. §2-607(2):

> Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a non-conformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the non-conformity would be seasonably cured but acceptance does not of itself impair any other remedy provided by this article for non-conformity.

**(2) entered Default Judgment against Furniture Plus; and (3) denied Furniture Plus' Request to Set Aside the Default Judgment**; and it is further

ORDERED that the August 6, 2021 entry of Default Judgment against Furniture Plus is **AFFIRMED in part** and **REVERSED with respect to the award $5,700.00 as the amount of damages;** and it is further

ORDERED this this matter is **REMANDED** to the Magistrate Division of the Superior Court for an award of damages consistent with this Memorandum Opinion and Order; and it is further

ORDERED that a copy of this Memorandum Opinion and Order shall be served upon Salem Zuhdi, Furniture Plus' representative; and a copy thereof shall be mailed to Norman Agness at P. O. Box 307102, St. Thomas, VI 00803.

DATED: December 20 , 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor 12 / 21 / 2021